NOTE: CHANGES MADE BY THE COURT

ROBERT E. FREITAS (SBN 80948)
rfreitas@ftklaw.com
QUDUS B. OLANIRAN (SBN 267838)
qolaniran@ftklaw.com
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

Attorneys for Plaintiff
MyKey Technology Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION<br><br>MyKey Technology Inc.,<br><br>  v.<br><br>Intelligent Computer Solutions, Inc. | 2:13-ml-02461-GAF (PLAx)<br><br>MDL NO. 2461<br><br>This Document Relates to:<br>2:13-06019-GAF-PLA<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Paul L. Abrams |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff MyKey Technology Inc. and Defendant TEFKAT LLC, through counsel undersigned jointly submit this Stipulated Protective Order to govern the handling of information and material produced in the course of discovery or filed with the Court in this action.

**ORDER AND STATEMENT OF GOOD CAUSE**

Plaintiff MyKey Technology Inc. and Defendant TEFKAT LLC agree that disclosure and discovery activities in this action are likely to involve production of highly sensitive financial or business information or proprietary information that

has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Such information likely will include, among other things, sensitive product information, product design and development materials, engineering materials, marketing and sales information, purchase orders, invoices, distributor information, and customer information relating to write blocking devices, duplicator devices, and data removal devices.

        Each party wishes to ensure that such confidential information shall not be used for any purpose other than this action and shall not be made public by another party beyond the extent necessary for purposes of this action.  The parties therefore seek to facilitate the production and protection of such information.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that this Protective Order creates no entitlement to file confidential information under seal.

        Good cause exists to enter the instant Protective Order to protect such confidential information from public disclosure.  The confidential information includes information that could be used by actual or potential competitors to gain a competitive advantage in the marketplace.

        Accordingly, based upon the agreement of the parties and for good cause shown, IT IS HEREBY ORDERED that whenever, in the course of these proceedings, any party or non-party has occasion to disclose information deemed in good faith to constitute confidential information, the parties and any such non-party shall employ the following procedures:

/././

1. **Designation of Discovery Materials as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."** The labels "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be view to be synonymous and as defined according to the limitations set forth in section 1(b) below. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before

delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Confidential Information may be designated as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" when, in the reasonable judgment of the designating party, the information is Confidential, but is too sensitive, valuable, or difficult to protect from misuse to allow a wider circulation. The parties agree, without limitation that the following categories of information qualify for the designation "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY":

    (i) Confidential information relating to product sales, pricing, costs, profits, or margins;

    (ii) Non-public technical information, including schematic diagrams, technical reference manuals, operations manuals, and the like relating to products not yet released for public sale;

    (iii) Confidential agreements and contracts concerning the development, manufacture, distribution, or sale of products; and

    (iv) Non-public patent applications and related correspondence and documents.

(c) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY" only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as described above, shall also be deemed to be designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) Information or documents designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Information designated "CONFIDENTIAL" may be disclosed only to the following:

(aa) The attorneys and staff of any law firm acting as outside counsel for a party to this action, provided that any such person is involved in preparation or trial of the litigation, and those persons specifically engaged for the limited purpose of making photocopies of documents or assisting in the production of documents;

1      (bb)   Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation.

      (cc)   Employees of either party who provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance.

      (dd)   The Court and Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing.

      (ee)   The list of persons to whom Confidential Information may be disclosed identified in this may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Protective Order.

   (ii)   Information designated as "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only to those persons described in Paragraphs (aa), (bb) or (dd), above, or as agreed in accordance with Paragraph (ee), above.

   (f)   Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

   (g)   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL," "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if that word does not already appear.

1     **2.     Confidential Information Filed with Court**. To the extent that any materials subject to this Protective Order (or any pleading, motion or memorandum disclosing them) are proposed to be filed or are filed with the Court, . ~~Any receiving party is authorized to file the material under seal with the Court. If confidential material is included in any papers to be filed in Court,~~ such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal; the application must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Any Protected Material filed with the Court in this case shall be filed under seal in compliance with this Protective Order and any applicable local rules of the Court.

**3.     Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

**4.     Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Local Rule 37 shall apply to such motions. Any challenge to a designation of confidentiality may be made at any time *within the discovery period established by the Court*.

Notwithstanding any challenge to a confidentiality of designated information, the information in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the producing party that designated the information in question withdraws such designation in writing or by so stating on the record at any hearing or deposition; or (b) the Court rules that the information in

- 7 -

STIPULATED PROTECTIVE ORDER
CASE NO. 13-06019 GAF PLAx

1301806.1

question is not entitled to the designation.

   **5.**  **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the producing party.  If the parties so stipulate, the material may be destroyed instead of being returned.

   **6.**  **Non-waiver of privilege for inadvertently disclosed materials.** Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

   **7.**  **Return of inadvertently disclosed materials.** Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option.  If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

   **8.**  **Trial.** In the event this matter is not transferred back to the Eastern District of Wisconsin for trial, the parties will address confidentiality during trial at that time.

DATED:  December 18, 2013

*Paul L. Abrams*
_____
Honorable Paul L. Abrams
United States Magistrate Judge

# **STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their respective counsel, this Honorable Court consenting, that the foregoing Stipulated Protective Order may be entered in this action.

Dated: December __, 2013         FREITAS TSENG & KAUFMAN LLP

By: */s/*
    Robert E. Freitas
    Kaiwen Tseng
    Qudus B. Olaniran
    100 Marine Parkway, Suite 200
    Redwood Shores, California 94065
    Telephone:   (650) 593-6300
    Facsimile:    (650) 593-6301

Attorneys for Plaintiff
MyKey Technology Inc.

Dated: December __, 2013         REINHART BOERNER VAN DEUREN S.C.

By: */s/*
    Paul J. Stockhausen
    Jessica H. Polakowski
    22 East Mifflin Street, Suite 200
    Madison, WI 53703
    Telephone:   (608) 229-2219
    Facsimile:    (608) 229-2100

Attorneys for Defendant
TEFKAT LLC.

## ATTACHMENT A:

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| IN RE: MYKEY TECHNOLOGY INC. PATENT LITIGATION<br><br>MyKey Technology Inc.,<br><br>v.<br><br>Intelligent Computer Solutions, Inc. | 2:13-ml-02461-GAF (PLAx)<br><br>MDL NO. 2461<br><br>This Document Relates to:<br>2:13-06019-GAF-PLA<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
|---|---|

I certify that I have read the Protective Order for the above-styled case. I fully understand the terms of the Order. I acknowledge that I am bound by the terms of the Order, and I agree to comply with those terms. I consent to the personal jurisdiction and venue of the United States District Court, Central District of California, for any proceedings involving the enforcement of the Order.

_____
(Signature)

_____
(Name)

_____
(Affiliation)